UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**WILVER A. URIAS,**

**Defendant.**

Case No. 2:17-cr-005(1)
**CHIEF JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

This matter is before the Court on the unopposed Motion for Transportation filed by Defendant, Wilver A. Urias. (ECF No. 38.) In his Motion, Mr. Urias "requests this Court order the U.S. Marshals to arrange for his noncustodial transportation or the fare for such transportation to 85 Marconi, Blvd., Columbus, Ohio 43215" for a scheduled appearance before this Court on July 6, 2017. For the reasons set forth below, the Court **GRANTS** Mr. Urias' Motion.

### I.

On December 14, 2016, a complaint was filed, charging Mr. Urias with Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation is 21 USC §841(a)(1) and 846. Mr. Urias was released that same day on Conditions of Release permitting him to return to Arizona.

On January 12, 2017, an Indictment was filed, charging Mr. Urias with Conspiracy to Distribute 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 USC §841(a)(1) and 846. On January 27, 2017, defense counsel entered a not guilty plea on behalf of Mr. Urias.

The parties have since entered into a plea agreement. This matter is scheduled for a change of plea hearing on Thursday, July 6, 2017, at 2:30 p.m. (ECF No. 40.) Mr. Urias has provided a current financial affidavit for *in camera* review, which he contends reflects his indigency and inability to "afford transportation from Phoenix, Arizona to Columbus Ohio." (Mot. at 2.)

## II.

Mr. Urias moves under 18 U.S.C. § 4285, which provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

Thus, a court may order the United States Marshal to arrange for noncustodial transportation or provide the fare for same for a defendant released on conditions in another district to travel to the prosecuting district for a court appearance if the court is satisfied that (1) such order would be in the interests of justice and (2) the defendant is not financially able to provide the transportation on his or her own. 18 U.S.C. § 4285). As our sister district court explains:

> This statute is limited to the payment of one-way travel for a court appearance. *Id.; United States v. Mouzon,* No. 1:12–CR–301–04, 2014 WL 1303708, *1–2 (M.D. Pa. Mar. 31, 2014) (observing that the legislative history reveals Congress's intent that the statute authorize funds for travel only to the district); *United States v. Birdhorse,* No. 2:07–CR–65, 2007 WL 2358634, *2 (D. N.D. Aug.17, 2007);

2

> *United States v. James,* 762 F.Supp. 1, 2 (D. D.C. 1991) (holding that "the statute provides for a one way ticket, notwithstanding the possible hardship to the defendant"). The statute also permits the judge to require the Marshals Service "to furnish that person with an amount of money for subsistence expenses *to his destination* [.]" 18 U.S.C. § 4285 (emphasis added).

*U.S. v. Alexander*, 3:13-CR-146, 2015 WL 1457975, at *1 (E.D. Tenn. Mar. 30, 2015)

### III.

"Section 4285 requires the Court to make 'appropriate inquiry' into whether a defendant is financially able to transport him or herself to a required court appearance." *U.S. v. Alexander*, 2015 WL 1457975, at *2. In this regard, the Court observes that it found Mr. Urias to be indigent for purposes of the appointment of counsel at his initial appearance. (ECF No. 5.) "However, a defendant's inability to afford representation does not necessarily mean that the defendant is financially unable to pay transportation expenses to this district." *Id.* "Accordingly, the Court directed the Defendant to file *ex parte* a financial affidavit," which he has done. Upon review of Mr. Urias' financial affidavit, the Court finds that he is not financially able to provide the transportation on his own, and granting his request would be in the interests of justice.

### IV.

For the reasons stated above, the Court **GRANTS** Mr. Urias' Motion for Transportation. (ECF No. 38.) The Court **ORDERS** the United States Marshals Service to fund Mr. Urias' noncustodial transportation from Phoenix, Arizona to Columbus, Ohio for a change of plea hearing that is scheduled for **July 6, 2017, at 2:30 p.m.**

**IT IS SO ORDERED.**

6-26-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**